Woeley, Judge,
concurring.
I agree with the result reached by the majority but do not wish to be understood as holding that under no circumstances can a microfilm be “printed” within the statutory meaning.
*904 The very thorough, review by the majority illustrates the extreme difficulty of stating with finality just what constitutes a printed publication, as well as the irreconcilable judicial conflicts which have resulted therefrom.
I doubt that Congressional intent of the unitary term “printed publication” can be satisfactorily determined merely by a literal interpretation of those words individually. It seems to me other factors are entitled to consideration, including not only the actual physical process employed in production or reproduction, but also availability, accessibility, dissemination and, perhaps, in some cases, even intent.[1] Under such circumstances, it would appear advisable to limit determination in the instant case to the specific question presented. Any broader holding or, for that matter, even dictum, might well result in increasing rather than diminishing the present unsettled condition of the law.

A talk delivered by John A. Blair, Esc¡., at Michigan Patent Law Association Meeting, February 7,1956.